# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **DESHARESE K. WHITE,** ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | **Case Numbers:** |
| vs. ) | **7:16-cv-8131-CLS** |
| ) | **7:11-cr-331-CLS-JEO** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Desharese K. White asks this court to appoint an attorney to assist him with a motion to vacate, alter, or amend his sentence under 28 U.S.C. § 2255, as a result of the Supreme Court's recent decision in *United States v. Davis,* No. 18-431, 2019 WL 2570623 (June 24, 2019).[1]

In *Davis,* the court considered the constitutionality of 18 U.S.C. § 924(c), which "threatens long prison sentences for anyone who uses a firearm in connection with certain other federal crimes." *Davis,* 2019 WL 2570623, at *3. Specifically, the statute states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any *crime of violence* or drug trafficking

---

[1] Doc. no. 23 in case no. 7:16-cv-8131-CLS.

crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –

>    (i) be sentenced to a term of imprisonment of not less than 5 years;
>
>    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
>    (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis supplied). The statute defined a "crime of violence" as

> an offense that is a felony and –
>
>    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>    (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

18 U.S.C. § 924(c)(3) (emphasis supplied). The first definition, encompassed in subparagraph (A), is referred to as the "elements clause," and the second definition, encompassed in subparagraph (B), is referred to as the "residual clause." The *Davis* decision struck down the residual clause as being unconstitutionally vague. *Davis,*

2019 WL 2570623, at *13 (*"We agree with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague."*).

White is not entitled to the appointment of an attorney because he is not entitled to any relief based upon the *Davis* decision. Even without considering whether *Davis* can be applied retroactively,[2] whether White's motion can be considered in conjunction with the present case, and whether any claim based upon the *Davis* decision would constitute a second or successive petition requiring advance permission from the Eleventh Circuit under 28 U.S.C. § 2255(h),[3] White cannot proceed because his conviction and sentence did not fall under the residual cause of § 924(c)(3).

---

[2] The Supreme Court's majority decision did not address retroactivity, but the dissent acknowledged it was an open question:

> Many offenders who have already committed violent crimes with firearms — and who have already been convicted under § 924(c) — may be released early from prison. *The Court's decision will apply to all defendants whose convictions are not yet final on direct review and who preserved the argument*. With the benefit of this Court's decision, many dangerous offenders who received lengthy prison sentences as a result of their violent conduct might walk out of prison early. *And who knows whether the ruling will be retroactive?*

*Davis,* 2019 WL 2570623, at * 29 (emphasis supplied).

[3] That statute provides: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." *See also* 28 U.S.C. § 2244.

This court sentenced White on October 26, 2012, to 37 months' imprisonment for armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d),[4] and to 84 months' imprisonment for brandishing a firearm during the robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[5] The Eleventh Circuit has clearly held that armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) qualifies as a "crime of violence" under the "elements clause" of 18 U.S.C. § 924(c)(3). *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016). Because White's § 924(c) conviction and sentence were predicated

---

[4] 18 U.S.C. § 2113(a) provides:

    Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

    Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny –

    Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(d) states:

    Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C.A. § 2113 (West)

[5] Doc. no. 23 (Judgment) in Case No. 7:11-cr-00331-CLS-JEO, at 1-2.

upon the "elements clause" of that statute, instead of the "residual clause," the Supreme Court's decision in *Davis* has no effect upon him. His motion for appointment of an attorney will be denied. An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED this 11th day of July, 2019.

_____
United States District Judge